FILED
MAR 22 2024
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| **ERIK COOPER**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JAMES BRUCE DUNN,**<br>**RONALD CROCKETT NEWCOMB,**<br>**JAMES MEDLIN,**<br>**MICHAEL R. HODGES, JR.**<br>**SEVIER COUNTY, AND DOES 1 - 50, inclusive,**<br><br>**Defendants.** | **No.** 3:24-cv-134<br>Atchley/McCook<br><br>**JURY DEMANDED** |

## COMPLAINT

For his Complaint against the Defendants, Plaintiff Erik Cooper respectfully avers to the Court and to the Jury as follows:

## NATURE OF ACTION

1. This is a civil action brought by Plaintiff Erik Cooper under 42 U.S.C. § 1983, general federal common law, and Tennessee common law to recover money damages and for declaratory and equitable relief to redress Defendants' violations of Plaintiff's rights afforded under the First and Fourteenth Amendments to the United States Constitution, under Article I, § 35 of the Tennessee Constitution, and under Tennessee Code Annotated §§ 40-12-104 (application to testify by a person having knowledge of commission of offense), 39-17-309 (civil rights intimidation), 39-16-507 (coercion or persuasion of a witness), 39-16-402 (official misconduct), 39-16-403 (official oppression), 39-16-510 (retaliation for past action), and federal and state common laws.

## INTRODUCTION

2. Grand Juries in Sevier County, Tennessee have suffered the undue influence of the District Attorney General and Sevier County District Attorney General's Office ("DAGO") for nearly two decades.

3. Under the guise of providing legal guidance to the Grand Jury as afforded by Tennessee legal authorities, behind closed doors, in official proceedings conducted in secret, absent any court reporter, and without judicial supervision, the District Attorney General of the Fourth Judicial District for the State of Tennessee, James Bruce Dunn (hereinafter referred to as "Defendant Dunn" or "Dunn") and assistant district attorney generals have poisoned Grand Juries by providing Grand Jurors their own probable cause determinations disguised as "legal guidance."

4. The Defendants' criminal acts caused countless individuals to suffer deprivation of their legal rights afforded by the United States and Tennessee Constitutions, and under federal and state common laws.

5. The Defendants' criminal acts caused countless individuals to suffer unlawful criminal indictments and prosecutions for alleged crimes devoid of probable cause.

6. The Plaintiff uncovered the discovery of such probable cause poisonings during his appearances before Grand Jury Panels and Grand Juries as permitted afforded to him under Tenn. Code Ann. § 40-12-104.

7. In response to witnessing first-person criminal acts committed by Defendant Dunn and assistant district attorney generals, including Ronald Crockett Newcomb (hereinafter referred to as "Defendant Newcomb" or "Newcomb"), the Plaintiff filed written applications required by Defendant Dunn and utilized by Defendant Dunn, Defendant Newcomb, and other

assistant district attorney generals as a tool to investigate Plaintiff's allegations of triable and indictable offenses occurring in Sevier County and to reach Defendant Dunn's, Defendant Newcomb's, and other assistant district attorney general's own probable cause determinations, as a tool to obstruct justice by coercion, influence and attempted influence of the Plaintiff in violation of Tenn. Code Ann. § 39-16-507, as a tool to intimidate Plaintiff's civil rights in violation of Tenn. Code Ann. § 39-17-309, and as a tool to threaten the Plaintiff with criminal prosecution for his exercise of rights afforded him under Tenn. Code Ann. § 40-12-104.

8. Not dissuaded by Defendant Dunn's and Defendant Newcomb's criminal violations and tortious acts, the Plaintiff appeared again and again before Grand Juries as afforded under Tenn. Code Ann. § 40-12-104 in effort to provide Grand Juries testimony and evidence of triable and indictable offenses in Sevier County.

9. On March 27, 2023, Defendant Dunn, Defendant Newcomb, and Sevier County Grand Jury Foreperson James Medlin (hereinafter referred to as "Defendant Medlin") invoked a new tool -- their Waiver of Constitutional Rights -- to obstruct and to prevent the Plaintiff from appearing before Grand Juries and offering testimony or evidence of triable and indictable offenses as afforded under Tenn. Code Ann. § 40-12-104 or face possible prosecution by the Defendant Dunn's and Defendant Newcomb's criminalization of the Plaintiff's written applications and protected speech.

10. Defendants Dunn, Newcomb, and Medlin succeeded on March 27, 2023 when they required the Plaintiff to execute their Waiver of Constitutional Rights or be denied his application to appear before a Grand Jury Panel as afforded under Tenn. Code Ann. § 40-12-104.

11. Defendants Dunn, Newcomb, and Medlin succeeded on March 27, 2023 when they required the Plaintiff to execute their Waiver of Constitutional Rights or be denied opportunity to provide to the Grand Jury Panel testimony of triable and indictable offenses in Sevier County as afforded under Tenn. Code Ann. § 40-12-104.

12. Defendants Dunn, Newcomb, and Medlin succeeded on March 27, 2023 when they required the Plaintiff to execute their Waiver of Constitutional Rights or be denied opportunity to provide to the Grand Jury Panel his evidence of triable and indictable offenses in Sevier County as afforded under Tenn. Code Ann. § 40-12-104.

13. A state court ruled the unlawful written application Defendant Dunn required from individuals applying to appear before a Grand Jury in Sevier County as afforded under Tenn. Code Ann. § 40-12-104 is not required.

14. Defendant Dunn and Sevier County ended their practice of distributing and collecting their unlawful written applications to appear before a Sevier County Grand Jury after the state court entered its ruling on July 26, 2023.

15. A state court ruled the unlawful Waiver of Constitutional Rights required by Defendant Dunn from an individual applying to appear before a Grand Jury in Sevier County as afforded under Tenn. Code Ann. § 40-12-104 is not required.

16. Defendant Dunn and Sevier County ended the practice of distributing and collecting their unlawful Waiver of Constitutional Rights from individuals seeking to appear before a Sevier County Grand Jury after the state court entered its ruling on May 1, 2023.

17. Michael R. Hodges, Jr. (hereinafter referred to as "Defendant Hodges" or "Hodges") failed to act upon written notice the Plaintiff provided to him of alleged criminal violations committed by Defendant Newcomb on March 27, 2023 during official Grand Jury

proceedings.

18. Defendant Hodges failed to preserve and protect the Plaintiff's rights as a victim of crime to justice and due process in violation of Article I, § 35 of the Tennessee Constitution.

19. Defendant Dunn failed to preserve and protect the Plaintiff's rights as a victim of crime to justice and due process in violation of Article I, § 35 of the Tennessee Constitution.

20. Defendant Medlin failed to preserve and protect the Plaintiff's rights as a victim of crime to justice and due process in violation of Article I, § 35 of the Tennessee Constitution.

21. Defendant Sevier County failed to preserve and protect the Plaintiff's rights as a victim of crime to justice and due process in violation of Article I, § 35 of the Tennessee Constitution.

22. At all times relevant to this action, Defendant Dunn had knowledge of the acts and conduct of Defendant Newcomb, Defendant Medlin, and Defendant Hodges as alleged herein.

23. At all times relevant to this action, Defendant Newcomb had knowledge of the acts and conduct of Defendant Dunn, Defendant Medlin and Defendant Hodges as alleged herein.

24. At all times relevant to this action, Defendant Medlin had knowledge of the acts and conduct of Defendant Dunn and Defendant Newcomb as alleged herein.

25. At all times relevant to this action, Defendant Hodges had knowledge of the acts and conduct of Defendant Dunn, Defendant Newcomb, Defendant Medlin, and Defendant Sevier County as alleged herein.

26. At all times relevant to this action, Defendant Sevier County had knowledge of the acts and conduct of Defendant Dunn, Defendant Newcomb, Defendant Hodges, and

Defendant Medlin as alleged herein.

27. The actions, inactions, and conduct of the Defendants violated the Plaintiff's rights afforded under the First and Fourteenth Amendments to the United States Constitution, under Article I, § 35 of the Tennessee Constitution, under Tenn. Code Ann. §§ 39-16-507 (coercion or persuasion of a witness), 39-16-402 (official misconduct), 39-16-403 (official oppression), 39-17-309 (civil rights intimidation), 39-16-510 (retaliation for past action), and federal and state common laws.

## JURISDICTION AND VENUE

28. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

29. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

30. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

31. Plaintiff Erik Cooper is a citizen and resident of Sevier County, Tennessee. Plaintiff's mailing address is 1216 East Parkway, #1413, Gatlinburg, Tennessee, 37738.

32. Defendant James Bruce Dunn is an attorney licensed to practice law in the State of Tennessee by the Board of Professional Responsibility of the Supreme Court of Tennessee ("BPR"). Defendant Dunn was issued BPR number 012059. Defendant Dunn is the elected District Attorney General of the Fourth Judicial District for the State of Tennessee. At all times relevant to this action, Defendant Dunn was professionally obligated to comply with the Constitution, to maintain a minimum level of professional competence, to refrain from abusing

the legal process, and to avoid acting in "knowing disregard of obligations" or engaging in "a systematic abuse of prosecutorial discretion." Upon information and belief, Defendant Dunn failed to comply with these obligations by directing and by conspiring with Defendant Newcomb and other assistant district attorney generals and employees of the District Attorney General's Office of Fourth Judicial District for the State of Tennessee in Sevier County ("DAGO"), Defendant Medlin, Defendant Hodges, and employees of Sevier County to investigate, to retaliate against, and to obstruct the legal rights of the Plaintiff as afforded under Tenn. Code Ann. § 40-12-104. Defendant Dunn is a "person" under 42 U.S.C. § 1983 and at all relevant times under color of law. Defendant Dunn is sued in his individual capacity regarding specified tort claims and in his official capacity regarding the Plaintiff's claim for injunctive relief. Defendant Dunn may be served at his place of business at the Office of the District Attorney General located at 125 Court Avenue, Suite 301-E, Sevierville, Tennessee, 37862, or wherever Defendant Dunn may be found.

33. Defendant Ronald Crockett Newcomb is an attorney licensed to practice law in the State of Tennessee by the Board of Professional Responsibility of the Supreme Court of Tennessee ("BPR"). Defendant Dunn was issued BPR number 017500. Defendant Newcomb is an assistant district attorney general of the Fourth Judicial District for the State of Tennessee. At all times relevant to this action, Defendant Newcomb was professionally obligated to comply with the Constitution, to maintain a minimum level of professional competence, to refrain from abusing the legal process, and to avoid acting in "knowing disregard of obligations" or engaging in "a systematic abuse of prosecutorial discretion." Upon information and belief, Defendant Newcomb failed to comply with these obligations by conspiring with Defendant Dunn, Defendant Medlin, Defendant Hodges, employees of the DAGO, and employees of Sevier

County to retaliate against, and to obstruct the legal rights of the Plaintiff as afforded under Tenn. Code Ann. § 40-12-104. Defendant Newcomb is a "person" under 42 U.S.C. § 1983 and at all relevant times under color of law. Defendant Newcomb is sued in his individual capacity regarding specified tort claims and in his official capacity regarding the Plaintiff's claim for injunctive relief. Defendant Newcomb may be served at his place of business at the Office of the District Attorney General located at 125 Court Avenue, Suite 301-E, Sevierville, Tennessee, 37862, or wherever Defendant Newcomb may be found.

34. Defendant James Medlin is the sworn Grand Jury Foreperson for Sevier County, Tennessee, charged with upholding the laws of the State of Tennessee, fulfilling his duties entrusted to him by the power of the state judiciary, and preserving the rights of every person seeking to appear before a Grand Jury or Grand Jury Panel as provided for under Tennessee Code Annotated § 40-12-104. On March 27, 2023, Defendant Medlin failed to exercise those duties, instead, elected to violate the Plaintiff's rights afforded under Tenn. Code. Ann. § 40-12-104 and to conspire together with Defendant Dunn, Defendant Newcomb, employees of the DAGO, and employees of Sevier County to retaliate against, and to obstruct the legal rights of the Plaintiff as afforded under Tenn. Code Ann. § 40-12-104. Defendant Medlin is a "person" under 42 U.S.C. § 1983 and at all relevant times under color of law. Defendant Medlin is sued in his individual capacity. Defendant Medlin may be served at the Sevier County Courthouse located at 125 Court Avenue, Sevierville, Tennessee, 37862, during his next appearance and service as Grand Jury Foreperson, or wherever Defendant Medlin may be found.

35. Defendant Michael R. Hodges, Jr. is the sworn Sheriff of Sevier County, Tennessee, charged with upholding the Constitutions of the United States and Tennessee, fulfilling his duties entrusted to him by the citizens of Sevier County, and preserving the rights

of every individual. Plaintiff reported to Defendant Hodges alleged criminal violations committed by Defendant Newcomb on March 27, 2023 during official Grand Jury proceedings. Defendant Hodges took no actions to investigate the Plaintiff's criminal complaint, instead, conspired together with Defendant Dunn, Defendant Newcomb, employees of the DAGO, and employees of Sevier County to investigate, to retaliate against, and to obstruct the legal rights of the Plaintiff as afforded under Tenn. Code Ann. § 40-12-104 and Article I, § 35 of the Tennessee Constitution, and federal and state common laws. Defendant Hodges is sued in his individual capacity regarding specified tort claims. Defendant Hodges is a "person" under 42 U.S.C. § 1983 and at all relevant times under color of law. Defendant Hodges may be served at the Sevier County Sheriff's Office located at 106 West Bruce Street, Sevierville, Tennessee, 37862, or wherever Defendant Hodges may be found.

36. Defendant Sevier County (hereinafter referred to as "Defendant Sevier County") is a unit of local government organized under the laws of the State of Tennessee. Defendant Sevier County is a "person" under 42 U.S.C. § 1983 and at all relevant times under color of law.

37. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries, and damages set forth herein.

## STATEMENT OF FACTS

38. The Plaintiff has been employed in the risk management and insurance industry for more than 30 years. The Plaintiff is the owner and operator of Acuity Consulting Services ("Acuity"), a private risk management and litigation consulting practice, and is a researcher,

writer, and distributor of *The Gatlinburg Free Press*, a content aggregation and news media organization based in Gatlinburg, Tennessee.

39. On November 28, 2016, portions of Sevier County were affected by a wildfire catastrophe causing the deaths of at least fourteen individuals and substantial economic damages.

40. In 2016, the Plaintiff was engaged to provide litigation consulting services for a mass tort civil action involving the November 28, 2016 wildfire catastrophe.

41. During the Plaintiff's research and investigation of the wildfire catastrophe event for his client, the Plaintiff discovered evidence of criminally negligent homicide involving Sevier County and City of Gatlinburg officials.

42. In Tennessee, the offense of criminally negligent homicide is a Class E felony under Tenn. Code Ann. § 39-13-212.

43. The state of Tennessee consists of thirty-one judicial districts.

44. Sevier County, Cocke County, Jefferson County, and Grainger County comprise the Fourth Judicial District for the state of Tennessee.

45. Defendant Dunn is the elected District Attorney General of the Fourth Judicial District for the State of Tennessee.

46. Defendant Dunn has served in the capacity of District Attorney General for more than seventeen years. Defendant Dunn was first elected in 2006, again elected in 2014, and again elected in 2022.

47. Prior to his election as District Attorney General in 2006, Defendant Dunn served for seventeen years as an assistant district attorney general for the Fourth Judicial District of Tennessee.

48. As District Attorney General, Defendant Dunn manages and oversees assistant district attorney generals for the Fourth Judicial District of Tennessee.

49. Defendant Newcomb is an assistant district attorney general for the Fourth Judicial District of Tennessee.

50. Defendant Newcomb was appointed as deputy district attorney general for the Sevier County District Attorney General's Office (DAGO) by Defendant Dunn.

51. Defendant Newcomb is supervised by and reports to Defendant Dunn.

52. The Plaintiff reported evidence he discovered of criminally negligent homicide directly to Defendant Dunn.

53. Defendant Dunn, charged with investigating allegations and evidence of crimes within his district, took no actions and brought no criminal charges.

54. The Plaintiff reported the same concerns and provided the same evidence of criminally negligent homicide to the United States Department of Justice ("USDOJ"), the Federal Bureau of Investigations ("FBI"), and the Tennessee Bureau of Investigations ("TBI").

55. To his knowledge, the USDOJ, the FBI, and the TBI took not actions and brought no criminal charges.

56. Facing limited time to seek justice under the applicable statute of limitations, the Plaintiff attempted to appear before a Sevier County Grand Jury to provide testimony and evidence of triable and indictable offenses as afforded under Tenn. Code Ann. § 40-12-104.

57. Defendant Dunn, Defendant Newcomb, and employees of the DAGO cast a negative view of the Plaintiff following his repeated attempts to appear before a Grand Jury.

58. Defendant Medlin is the Grand Jury Foreperson for Sevier County.

59. Defendant Medlin was appointed as Grand Jury Foreperson by judges of the Sevier County Circuit Court.

60. Defendant Medlin attended and participated in the Grand Jury Panel proceedings conducted March 27, 2023.

61. Tenn. Code Ann. § 40-12-104 states:

> "40-12-104. Application to testify by person having knowledge of commission of offense.
>
> (a) Any person having knowledge or proof of the commission of a public offense triable or indictable in the county may testify before the grand jury.
>
> (b) The person having knowledge or proof shall appear before the foreman. The person may also submit the sworn affidavits of others whose testimony the person wishes to have considered.
>
> (c) The person shall designate two (2) grand jurors who shall, with the foreman, comprise a panel to determine whether the knowledge warrants investigation by the grand jury. The panel may consult the district attorney general or the court for guidance in making its determination. The majority decision of the panel shall be final and shall be promptly communicated to the person along with reasons for the action taken.
>
> (d) Submission of an affidavit which the person knows to be false in any material regard shall be punishable as perjury. An affiant who permits submission of a false affidavit, knowing it to be false in any material regard, is guilty of perjury. Any person subsequently testifying before the grand jury as to any material fact known by the person to be false is guilty of perjury.
>
> [Acts 1978, ch. 727, § 1; modified; T.C.A., § 40-1626; Acts 1995, ch. 213, §§ 1-4.]"

62. For good cause and reasonable belief, the Grand Jury did not request the presence of Defendant Dunn or any assistant district attorney general during Grand Jury proceedings conducted March 27, 2023.

63. For good cause and reasonable belief, the Grand Jury Panel did not request the presence of Defendant Dunn or any assistant district attorney general during Grand Jury

proceedings conducted March 27, 2023.

64. Defendant Dunn provided supervision, direction, and guidance to Defendant Newcomb for Grand Jury proceedings conducted March 27, 2023.

65. Defendant Newcomb appeared before the Grand Jury Panel during Grand Jury Panel proceedings conducted March 27, 2023.

66. Defendant Newcomb provided the Plaintiff his Wavier of Constitutional Rights during Grand Jury Panel proceedings conducted March 27, 2023.

67. Defendant Newcomb's Waiver of Constitutional Rights was a typewritten document with blank lines filled in with blue ink by Defendant Newcomb.

68. The language of Defendant Newcomb's Waiver of Constitutional Rights reads:

> "IN THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE
> IN RE: GRAND JURY - MARCH 27, 2023
> WAIVER
>
> I, Erik Cooper, wish to testify before the Grand Jury relative to their investigation of alleged incident on August 5, 2022 concerning Sevier County Grand Jury Application submitted March 7, 2023 and any related matter in which I may be involved. I have been fully advised of my Constitutional Rights, including my Right to remain silent and not incriminate myself by personal testimony or any other means. I have been further advised and understand that I will receive no immunity for giving such testimony and that my testimony could possibly be used against me in a Court of Law. I have not been subpoenaed or in any way compelled to testify but do so voluntarily and of my own free will. I fully understand that the Grand Jury could return a True Bill against me for any violation of the criminal laws of the State of Tennessee, or other related crime(s), after its investigation is finished.
>
> I hereby waive my Constitutional Right to remain silent and further waive any immunity I might otherwise receive by testifying before the Grand Jury.
>
> This the 27 day of March, 2023.

______________________________

Witness: ______________________

______________________"

69. Defendant Newcomb demanded the Plaintiff execute Defendant Newcomb's Waiver of Constitutional Rights during Grand Jury Panel proceedings conducted March 27, 2023 or be denied Plaintiff's legal right afforded under Tenn. Code Ann. § 40-12-104 to provide testimony or evidence of triable or indictable offenses in Sevier County.

70. The Plaintiff refused to execute Defendant Newcomb's Waiver of Constitutional Rights without first reviewing the Waiver with the assistance of Plaintiff's legal counsel.

71. Upon his refusal to execute Defendant Newcomb's Waiver of Constitutional Rights, Defendant Newcomb informed the Plaintiff that Defendant Newcomb would deny the Plaintiff of his legal right afforded under Tenn. Code Ann. § 40-12-104 to provide testimony or evidence of triable or indictable offenses in Sevier County unless and until the Plaintiff first executed Defendant Newcomb's Waiver.

72. The Plaintiff again refused to execute Defendant Newcomb's Waiver without the assistance of Plaintiff's legal counsel.

73. Upon the Plaintiff's second refusal to execute Defendant Newcomb's Waiver of Constitutional Rights without the assistance of Plaintiff's legal counsel, Defendant Newcomb instructed the Grand Jury Panel to conduct a vote to determine if the Grand Jury Panel would permit the Plaintiff to provide testimony and evidence of triable or indictable offenses in Sevier County unless and until the Plaintiff first executed Defendant Newcomb's Waiver.

74. The Plaintiff protested Defendant Newcomb's instruction given to the Grand Jury Panel during official Grand Jury Panel proceedings on March 27, 2023.

75. The Plaintiff told Defendant Newcomb that Defendant Newcomb's instruction given to the Grand Jury Panel to conduct a vote to determine if the Grand Jury Panel would permit the Plaintiff to provide testimony and evidence of triable or indictable offenses in Sevier County unless and until the Plaintiff first executed Defendant Newcomb's Waiver was not permitted under Tenn. Code Ann. § 40-12-104.

76. Despite the Plaintiff's objections, Defendant Newcomb insisted the Grand Jury Panel conduct a vote to determine if the Grand Jury Panel would permit the Plaintiff to provide testimony and evidence of triable or indictable offenses in Sevier County unless and until the Plaintiff first executed Defendant Newcomb's Waiver.

77. Defendant Newcomb ordered the Plaintiff to exit the Grand Jury Panel proceedings to allow for the Grand Jury Panel to conduct its vote.

78. The Plaintiff protested Defendant Newcomb's instruction given to the Plaintiff, telling Defendant Newcomb that his instruction given the Grand Jury Panel to conduct a vote to determine if the Grand Jury Panel would hear from the Plaintiff or not under Tenn. Code Ann. § 40-12-104 was not permitted under Tenn. Code Ann. § 40-12-104.

79. Despite the Plaintiff's protests, Defendant Newcomb again ordered the Plaintiff to exit the Grand Jury Panel proceeding on March 27, 2023.

80. Defendant Medlin failed to act under his authority as Grand Jury Foreperson.

81. The Plaintiff waited in the hallway outside of a meeting room where the Grand Jury Panel met privately with Defendant Newcomb.

82. Defendant Newcomb remained within the Grand Jury Panel meeting room during the Grand Jury Panel's vote to determine if the Grand Jury Panel would permit the Plaintiff to provide testimony and evidence of triable or indictable offenses in Sevier County unless and

until the Plaintiff first executed Defendant Newcomb's Waiver of Constitutional Rights.

83. Following a brief period, Defendant Newcomb exited the Grand Jury Panel meeting room and summoned the Plaintiff to return to the Grand Jury Panel proceedings.

84. Defendant Medlin informed the Plaintiff that the Grand Jury Panel had voted to not allow the Plaintiff to provide testimony and evidence of triable or indictable offenses in Sevier County unless and until the Plaintiff first executed Defendant Newcomb's Waiver.

85. The Plaintiff again refused to execute Defendant Newcomb's Waiver without the assistance of Plaintiff's legal counsel.

86. Upon the Plaintiff's third refusal to execute Defendant Newcomb's Waiver, the Plaintiff was asked to leave the Grand Jury Panel proceedings.

87. Defendant Newcomb told the Plaintiff that the Plaintiff could apply again to appear before a Grand Jury panel on another future date.

88. The Plaintiff was denied his legal rights afforded under Tenn. Code Ann. § 40-12-104 on March 27, 2023 to appear before a Grand Jury Panel.

89. The Plaintiff was denied his legal rights afforded under Tenn. Code Ann. § 40-12-104 on March 27, 2023 to provide a Grand Jury Panel testimony of triable or indictable offenses occurring in Sevier County.

90. The Plaintiff was denied his legal rights afforded under Tenn. Code Ann. § 40-12-104 on March 27, 2023 to provide a Grand Jury Panel evidence of triable or indictable offenses occurring in Sevier County.

91. Sevier County had knowledge of the violation Plaintiff's legal rights afforded under Tenn. Code Ann. § 40-12-104 on March 27, 2023.

92. Sevier County, by and through its inactions, condoned the violation of Plaintiff's legal rights afforded under Tenn. Code Ann. § 40-12-104 on March 27, 2023.

93. On March 28, 2023, one day following the Plaintiff's attempted appearance before a Grand Jury Panel as afforded to him under Tenn. Code Ann. § 40-12-104, the Plaintiff filed a report with the Sevier County Sheriff's Office alleging coercion or persuasion of a witness in criminal violation of Tenn. Code Ann. § 39-16-507 by Defendant Newcomb.

94. Defendant Hodges is the duly elected and sworn Sheriff of Sevier County.

95. On March 28, 2023, the Plaintiff prepared and transmitted letter correspondence directly to Defendant Hodges requesting Defendant Hodges' assistance with the Plaintiff's report made to the Sevier County Sheriff's Office the same date.

96. Defendant Hodges failed to investigate the Plaintiff's criminal report.

97. Defendant Hodges failed to respond to the Plaintiff's March 28, 2023 communication.

## CAUSES OF ACTION

### COUNT I: FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

98. The PLAINTIFF incorporates and realleges the foregoing allegations as if fully set forth herein.

99. At all times relevant to this Complaint, the Plaintiff had First Amendment rights as a citizen that were not inconsistent with his status as an applicant under Tenn. Code Ann. § 40-12-104 on March 27, 2023.

100. Retaliation based upon a citizen's exercise of his constitutional rights violates the United States Constitution.

101. By appearing before a Grand Jury Panel as an applicant under Tenn. Code Ann. §

40-12-104, Plaintiff engaged in speech and expression protected by the First and Fourteenth Amendment to the Constitution, and the state court's order did not hold otherwise.

102. In retaliation for the Plaintiff engaging in speech and expression protected by the Constitution, the Defendants planned and then took extreme adverse actions against the Plaintiff including, but not limited to, subjecting the Plaintiff to a wrongful investigation, wrongful obstruction, and wrongful denial of Plaintiff's rights afforded to him as an applicant under Tenn. Code Ann. § 40-12-104

103. The adverse actions that the Defendants took against the Plaintiff would deter a person of ordinary firmness from continuing to engage in constitutionally protected conduct and would likely have a strong deterrent effect on others similarly situations, which is precisely what the Defendants' actions were designed to do.

104. The Defendants took adverse actions against the Plaintiff, at least in part, because of the Plaintiff's exercise of constitutionally protected conduct and his clearly established First Amendment rights.

105. The Defendants took adverse actions against the Plaintiff, at least in part, because the Defendants disagreed with the viewpoint that the Plaintiff had expressed.

106. The Defendants took adverse actions against the Plaintiff, at least in part, to shield another individual from a Grand Jury's true bill indictment.

107. The Defendants took adverse actions against the Plaintiff, at least in part, because the Defendants wished to see the Plaintiff suffer significant consequences for his constitutionally protected speech.

108. The Defendants took adverse actions against the Plaintiff, at least in part, because the Defendants wished to see the Plaintiff suffer significant consequences for his exercise of

rights granted the Plaintiff under Tenn. Code Ann. § 40-12-104.

109. The Defendants took adverse actions against the Plaintiff, at least in part, because the Defendants do not respect fundamental First Amendment guarantees and because the Defendants do not believe they are or should be constrained by them.

110. As a proximate result of the Defendants' unconstitutional retaliation against the Plaintiff, the Plaintiff suffered damages.

COUNT II: DENIAL OF EQUAL PROTECTION (42 U.S.C. § 1983)

111. The Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

112. The Plaintiff was not the only person to apply to appear before a Grand Jury in Sevier County under Tenn. Code Ann. § 40-12-104.

113. Instead, dozens upon dozens of other individuals applied to appear before a Grand Jury in Sevier County under Tenn. Code Ann. § 40-12-104 for a period of at least ten years before March 27, 2023.

114. Even though similarly situated individuals applied and appeared before a Grand Jury in Sevier County for a period of at least ten years before March 27, 2023, no similarly situated individual was required by Defendant Dunn, Defendant Newcomb, or Defendant Medlin to execute a Waiver of Constitutional Rights to appear before a Grand Jury or a Grand Jury Panel.

115. Similarly situated individuals who applied or appeared before a Grand Jury in Sevier County for a period of at least ten years before March 27, 2023 were not subject to the same treatment the Plaintiff received because the subject matter of their applications or appearances did not involve criminal allegations levied against a District Attorney General,

an Assistant District Attorney General, an attorney, or another individual in disfavor of the Defendants.

116. The Defendants treated the Plaintiff disparately as compared to similarly situated person, and such disparate treatment burdened the Plaintiff's fundamental and clearly established First Amendment rights.

117. The Defendants treated the Plaintiff disparately as compared to similarly situated person, and such disparate treatment burdened the Plaintiff's fundamental and clearly established rights afforded under Tenn. Code Ann. § 40-12-104.

118. The Defendants treated the Plaintiff disparately as compared to similarly situated persons, and such disparate treatment had no rational basis.

119. The Defendants' disparate treatment of the Plaintiff contravened the Fourteenth Amendment and deprived the Plaintiff of the equal protection of the laws.

120. As a proximate result of the Defendants' disparate treatment of the Plaintiff, the Plaintiff suffered actual and severe damages.

COUNT III: CIVIL CONSPIRACY / AGENCY LIABILITY (42 U.S.C. § 1983)

121. The Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

122. At all times relevant to this matter, the Defendants acted in concert with, at the direction of, and as agents of, one another to commit the foregoing tortious misconduct, and all Defendants acted under color of law.

123. At all times relevant to this matter, the Defendants had the intent and knowledge of one another's intent to accomplish by concert an unlawful purpose -- or to accomplish by concert a lawful purpose by unlawful means -- all of the foregoing tortious misconduct,

including conspiring with one another to effect the obstruction and denial of Plaintiff's appearance before a Grand Jury or Grand Jury Panel under Tenn. Code Ann. § 40-12-104.

124. The Defendants conspired with one another and agreed to injure the Plaintiff through unconstitutional actions under color of law.

125. Each Defendant shared in the general conspiratorial objective to injure the Plaintiff for Plaintiff's efforts to appear before a Grand Jury or Grand Jury Panel to provide evidence and testimony of triable and indictable offenses occurring in Sevier County.

126. The Defendants are liable for one another's acts undertaken in furtherance of their civil conspiracy, and each Defendant is jointly and severally liable for the unlawful acts of each other Defendant pursuant to Tenn. Code Ann. § 29-11-107(b)(1) and general federal common law. *See,* Hooks v. Hooks, 771 F.2d 935, 944 (6th Cir. 1985).

COUNT IV: SEVIER COUNTY'S UNCONSTITUTIONAL POLICIES AND PRACTICES: DEFENDANT SEVIER COUNTY'S DENIAL OF PLAINTIFF'S ACCESS TO A GRAND JURY OR GRAND JURY PANEL UNDER TENN. CODE ANN. § 40-12-104

127. The Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

128. Defendant Sevier County, acting by and through its policymakers, officers, and agents, including Defendant Hodges, and acting under the color of state law, violated Plaintiff's clearly established rights secured by the First and Fourteenth Amendments to the United States Constitution.

129. The tortious acts and omissions of Sevier County, acting by and through its policymakers, officers, and agents, including Defendant Hodges, were the direct and proximate result of official county policies or customs created by Defendant Sevier County and their execution or implementation against the Plaintiff, causing the Plaintiff to suffer injury.

130. Defendant Sevier County's customs, practices, or de facto policies are evidenced by actions taken by officials with final decision-making authority, policies of inadequate training or supervision, and a custom of tolerance or acquiescence of federal rights violations, including, in this instance, Defendant Sevier County's premeditated and public commitment to violating the Plaintiff's clearly established First Amendment rights and its failure to remedy the unconstitutional conduct even after acquiring actual knowledge that Defendant Sevier County had acted unconstitutionally. Despite Defendant Sevier County's actual knowledge of its unconstitutional conduct, officials with final decision-making authority have ratified it and knowingly misrepresented Defendant Sevier County's underlying involvement in denying the Plaintiff access to the Grand Jury or Grand Jury Panel as afforded under Tenn. Code Ann. § 40-12-104.

131. Upon information and belief, Defendant Sevier County, through its employees, engages in a clear and persistent pattern of unconstitutional action against those who express views critical of Sevier County, the DAGO, employees of the DAGO, Defendant Dunn, or Defendant Newcomb; it has notice or constructive notice of that fact; it has tacitly approved of the unconstitutional conduct at issues, such that its deliberate indifference can be said to amount to an official policy of inaction; and Defendant Sevier County's unconstitutional custom was the moving force or direct causal link in the deprivation of the Plaintiff's constitutional rights. The pattern specifically includes, but is not limited to, the failure of Defendant Sevier County to initiate an investigation of the Plaintiff's complaints for obstruction of Plaintiff's access to a Grand Jury or Grand Jury Panel as afforded under Tenn. Code Ann. § 40-12-104.

132. Defendant Sevier County fails to train or supervise its employees to prevent constitutional violations like those the Plaintiff suffered, it has knowingly misrepresented

its involvement in the constitutional violations that the Plaintiff suffered, and it provides training and supervision that is inadequate to prevent such violations from recurring.

133. Defendant Sevier County's inadequate training is a result of Defendant Sevier County's deliberate indifference to federal constitutional rights. For example, communications between Defendant Dunn, Defendant Newcomb, Defendant Medlin, Defendant Hodges, and others about Plaintiff's applications and attempts to appear before a Grand Jury or Grand Jury Panel indicate a lack of understanding of the very nature of the First Amendment. Coupled with Defendant Sevier County's and its employees' repeated violations of the Plaintiff's and other citizens' First Amendment rights and its knowing misrepresentations regarding the underlying role that Defendant Sevier County and its employees had in the obstruction of Plaintiff's appearance before a Grand Jury or Grand Jury Panel, this demonstrates a widespread pattern of ignorance of or deliberate indifference to the First Amendment, indicating a widespread failure of training.

134. Defendant Sevier County's inadequate training was closely related to or actually caused the Plaintiff's injury.

135. Defendant Sevier County failed to promulgate appropriate policies or procedures or take other measures to prevent violations of the First Amendment by its employees, agents, or officers, and upon information and belief, no employee involved in the Plaintiff's unconstitutional retaliation, including Defendant Hodges, has been disciplined for misconduct.

136. As a direct and proximate consequence of Defendant Sevier County's failure to develop, implement, and otherwise devise a policy of adequate training and/or supervision for its employees, agents, and officers, the Plaintiff was deprived of his civil and constitutional rights, privileges, and immunities and was subjected to obstruction of indictments brought

against the accused subjects of Plaintiff's applications and appearances before Grand Juries. Properly trained and supervised employees, agents, and officers would have known not to engage in the acts which resulted in the deprivation of the Plaintiff's civil and constitutional rights.

137. As a direct and proximate result of the customs, practices, and/or de facto policies of Defendant Sevier County and Defendant Sevier County's deliberate indifference to the Plaintiff's clearly established constitutional rights, the Plaintiff suffered damages.

COUNT V: NEGLIGENCE

138. The Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

139. At all times relevant to this Complaint, the Defendants had a duty of care to conduct themselves as a reasonably prudent person would.

140. Defendant Dunn, Defendant Newcomb, and Defendant Medlin, in each of their individual and sworn capacities, failed to conduct themselves as a reasonable person would on March 27, 2023.

141. Defendant Hodges, in his individual and sworn capacity, failed to conduct himself as a reasonable person would since March 28, 2023.

142. In the alternative to the above-pleaded intentional misconduct, although acting only unintentionally, Defendant Dunn, Defendant Newcomb, Defendant Medlin, and Defendant Hodges each acted negligently and/or recklessly and failed to exercise ordinary or reasonable care under the circumstances.

143. Through each Defendant's negligent and/or reckless conduct, each Defendant breached his duty of care to the Plaintiff, proximately causing the Plaintiff to suffer injury and

loss.

144. Defendant Dunn is liable to the Plaintiff for all damages suffered as a consequence of his negligent acts and omissions.

145. Defendant Newcomb is liable to the Plaintiff for all damages suffered as a consequence of his negligent acts and omissions.

146. Defendant Medlin is liable to the Plaintiff for all damages suffered as a consequence of his negligent acts and omissions.

147. Defendant Hodges is liable to the Plaintiff for all damages suffered as a consequence of his negligent acts and omissions.

## COUNT VI: NEGLIGENCE *PER SE*

148. The Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

149. Tenn. Code Ann. § 40-12-104 is a statute intending to afford individuals access to the Grand Jury.

150. The Plaintiff belongs to the class of persons that Tenn. Code Ann. § 40-12-104 was designed to support.

151. Tenn. Code Ann. §§ 39-17-309 (civil rights intimidation), 39-16-507 (coercion or persuasion of a witness), 39-16-402 (official misconduct), 39-16-403 (official oppression), and 39-16-510 (retaliation for past action) are penal statutes that are designed to protect the public.

152. The Plaintiff belongs to the class of persons that Tenn. Code Ann. §§ 39-17-309, 39-16-507, 39-16-402, 39-16-403, and 39-16-510 were designed to protect.

153. The Plaintiff's injuries are the type that Tenn. Code Ann. §§ 40-12-104, 39-17-309, 39-16-507, 39-16-402, 39-16-403, and 39-16-510 were designed to prevent.

154. Defendant Dunn admitted during his oral argument given to the state court on July 25, 2023 that he intended to obstruct the Plaintiff's access to the Grand Jury because:

> *"The thing that's in front of the Court today is a hodgepodge of 2016 events that occurred in 2016, 2017, wherein a person or persons could have their reputations, could have their jobs, or their standing in the community having been indicted of something they were not probable caused to believe that it occurred."*

155. Defendant Dunn's violations of Tenn. Code Ann. §§ 40-12-104, 39-17-309, 39-16-507, 39-16-402, 39-16-403, and 39-16-510 were negligent *per se*, and Defendant Dunn is liable to the Plaintiff for all damages suffered as a consequence of his *per se* negligent acts.

156. Defendant Newcomb argued during his oral argument given to the state court on April 24, 2023 that his demand given the Plaintiff on March 27, 2023 for the Plaintiff's execution of Defendant Newcomb's Waiver of Constitutional Rights was absolutely within Defendant Newcomb's and the State of Tennessee's rights. The state court disagreed.

157. Defendant Newcomb's violations of Tenn. Code Ann. §§ 40-12-104, 39-17-309, 39-16-507, 39-16-402, 39-16-403, and 39-16-510 were negligent *per se*, and Defendant Newcomb is liable to the Plaintiff for all damages suffered as a consequence of his *per se* negligent acts.

158. Defendant Medlin had knowledge of his duties owed the Plaintiff as the sworn Grand Jury Foreperson responsible for conducting Grand Jury proceedings on March 27, 2023.

159. Defendant Medlin failed to preserve the Plaintiff's rights afforded under Tenn. Code Ann. § 40-12-104.

160. Defendant Medlin's violations of Tenn. Code Ann. § 40-12-104 was negligent *per se*, and Defendant Medlin is liable to the Plaintiff for all damages suffered as a consequence of his *per se* negligent acts.

161. Defendant Hodges had knowledge of his duties owed the Plaintiff as the sworn Sheriff of Sevier County responsible for investigating reports of criminal conduct occurring within Sevier County during official Grand Jury proceedings on March 27, 2023.

162. Defendant Hodges failed to preserve the Plaintiff's rights afforded under Article I, § 35 of the Tennessee Constitution.

163. Defendant Hodges' violations of Article I, § 35 of the Tennessee Constitution. was negligent *per se*, and Defendant Hodges is liable to the Plaintiff for all damages suffered as a consequence of his *per se* negligent acts.

COUNT VII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

164. The Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

165. During the course of their interactions with the Plaintiff, the Defendants and each of them acted unreasonably and failed to use ordinary or reasonable care under the circumstances.

166. As a consequence of each Defendants' breach of his duty of care, the Plaintiff suffered exacerbation and a worsening of his disabling mental health condition.

167. But for each Defendant's breach of his duty of care, the Plaintiff would not have suffered serious and severe emotional injury.

168. Witnessing criminal acts committed by Defendant Dunn, a badge-carrying district attorney general for the State of Tennessee, Defendant Newcomb, a badge-carrying

deputy district attorney general for the State of Tennessee, Defendant Medlin, a sworn Grand Jury Foreperson responsible for guaranteeing the Plaintiff's rights afforded under Tenn. Code Ann. § 40-12-104 during official Grand Jury proceedings, and Defendant Hodges, a badge-carrying and sworn law enforcement officer responsible for protecting the Plaintiff's crime victims rights afforded under Article I, § 35 of the Tennessee Constitution and responsible for investigating crime occurring within Sevier County, each caused the Plaintiff to suffer serious and sever emotional injury that is supported by scientific proof.

169. As a consequence of each Defendant's breach of his duty of care, each Defendant is liable to the Plaintiff for all serious and severe emotional injuries suffered as a consequence of each Defendant's negligent infliction of emotional distress upon the Plaintiff.

COUNT VIII: SEVIER COUNTY'S UNCONSTITUTIONAL POLICIES AND PRACTICES: DEFENDANT SEVIER COUNTY'S DENIAL OF PLAINTIFF'S RIGHTS AFFORDED BY THE TENNESSEE CONSTITUTION, ARTICLE I, § 35

170. The Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

171. Defendant Sevier County, acting by and through its policymakers, officers, and agents, including Defendant Hodges, and acting under the color of state law, violated Plaintiff's clearly established rights secured by the Tennessee Constitution, Article 1, § 35.

172. The tortious acts and omissions of Defendant Sevier County, acting by and through its policymakers, officers, and agents, including Defendant Hodges, were the direct and proximate result of official county policies or customs created by Defendant Sevier County and their execution or implementation against the Plaintiff, causing the Plaintiff to suffer injury.

173. Defendant Sevier County's customs, practices, or de facto policies are evidenced by actions taken by officials with final decision-making authority, policies of inadequate training

or supervision, and a custom of tolerance or acquiescence of federal and state rights violations, including, in this instance, Defendant Sevier County's premeditated and public commitment to violating the Plaintiff's clearly established rights provided for under the Tennessee Constitution, Article 1, § 35, and its failure to remedy the unconstitutional conduct even after acquiring actual knowledge that Defendant Sevier County had acted unconstitutionally. Despite Defendant Sevier County's actual knowledge of its unconstitutional conduct, officials with final decision-making authority have ratified it and knowingly misrepresented Defendant Sevier County's underlying involvement in denying the Plaintiff his rights as a crime victim.

174. Upon information and belief, Defendant Sevier County, through its employees, engages in a clear and persistent pattern of unconstitutional action against those who express views critical of Sevier County, the DAGO, employees of the DAGO, Defendant Dunn, or Defendant Newcomb; it has notice or constructive notice of that fact; it has tacitly approved of the unconstitutional conduct at issues, such that its deliberate indifference can be said to amount to an official policy of inaction; and Defendant Sevier County's unconstitutional custom was the moving force or direct causal link in the deprivation of the Plaintiff's constitutional rights. The pattern specifically includes, but is not limited to, the failure of Defendant Sevier County to initiate an investigation of the Plaintiff's complaints for alleged crimes committed by Defendant Newcomb on March 27, 2023 during Grand Jury Panel proceedings in violation of the Tennessee Constitution, Article 1, § 35.

175. Defendant Sevier County fails to train or supervise its employees to prevent constitutional violations like those the Plaintiff suffered, it has knowingly misrepresented its involvement in the constitutional violations that the Plaintiff suffered, and it provides training and supervision that is inadequate to prevent such violations from recurring.

176. Defendant Sevier County's inadequate training is a result of Defendant Sevier County's deliberate indifference to federal and state constitutional rights. For example, communications between Defendant Dunn, Defendant Newcomb, Defendant Hodges, Defendant Medlin, and others about Plaintiff's allegations of crimes committed by Defendant Newcomb on March 27, 2023 during Grand Jury Panel proceedings, and the failure of Defendant Sevier County to investigate Plaintiff's allegations reported directly to Defendant Hodges, indicate a lack of understanding of Plaintiff's rights afforded by the Tennessee Constitution, Article 1, § 35. Coupled with Defendant Sevier County's and its employees' repeated violations of the Plaintiff's and other citizens' rights afforded by the Tennessee Constitution, Article 1, § 35, and its knowing misrepresentations regarding the underlying role that Defendant Sevier County and its employees had in the obstruction of the Plaintiff's rights as a crime victim in Tennessee, this demonstrates a widespread pattern of ignorance of or deliberate indifference to the Tennessee Constitution, Article 1, § 35, indicating a widespread failure of training.

177. Defendant Sevier County's inadequate training was closely related to or actually caused the Plaintiff's injury.

178. Defendant Sevier County failed to promulgate appropriate policies or procedures or take other measures to prevent violations of the Tennessee Constitution, Article 1, § 35 by its employees, agents, or officers, and upon information and belief, no employee involved in the Plaintiff's unconstitutional retaliation, including Defendant Hodges, has been disciplined for misconduct.

179. As a direct and proximate consequence of Defendant Sevier County's failure to develop, implement, and otherwise devise a policy of adequate training and/or supervision for its employees, agents, and officers, the Plaintiff was deprived of his civil and constitutional

rights, privileges, and immunities and was denied his rights as a crime victim afforded by the Tennessee Constitution, Article 1, § 35 -- because the Plaintiff accused Defendant Newcomb of committing those crimes. Properly trained and supervised employees, agents, and officers would have known not to engage in the acts which resulted in the deprivation of the Plaintiff's civil and constitutional rights.

180. As a direct and proximate result of the customs, practices, and/or de facto policies of Defendant Sevier County and Defendant Sevier County's deliberate indifference to the Plaintiff's clearly established constitutional rights, the PLAINTIFF suffered damages.

## COUNT IX: INJUNCTIVE AND DECLARATORY RELIEF AGAINST DEFENDANT DUNN IN HIS OFFICIAL CAPACITY AND AGAINST DEFENDANT NEWCOMB IN HIS OFFICIAL CAPACITY

181. The Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

182. Upon information and belief, Defendant Dunn and Defendant Newcomb desire to prosecute the Plaintiff for alleged crimes occurring in Sevier County, Tennessee.

183. Defendant Dunn and Defendant Newcomb each harbor extreme personal animus toward the Plaintiff; Defendant Dunn and Defendant Newcomb have each acted with bias toward the Plaintiff, including, without limitation, by directing Defendants' investigation of the Plaintiff; and Defendant Dunn and Defendant Newcomb are each incapable of approaching the Plaintiff's public speech and criticisms of Defendant Dunn, Defendant Newcomb, Defendant Medlin, Defendant Hodges, Sevier County, or the DAGO neutrally and without bias.

184. During a July 25, 2023 state court hearing brought by the Plaintiff for judicial interpretation and relief, Defendant Dunn responded to Plaintiff's allegations of Defendant Dunn and assistant district attorney generals obstructing Plaintiff's access to Grand Juries by arguing

that individuals' reputations, jobs, or standing in the community could be at risk if the Plaintiff were successful in securing a Grand Jury's indictment. In the same response, Defendant Dunn alleged that he allowed the Plaintiff appear before Grand Jury Panels under Tenn. Code Ann. § 40-12-104 while ignoring Plaintiff's rights afforded under the same statute, evidencing Defendant Dunn's misinterpretation of the Plaintiff's legal rights and Defendant Dunn's self-appointed role of Grand Jury gatekeeper.

185. Defendant Dunn, Defendant Newcomb, and the DAGO consider their investigation of the Plaintiff to be open and ongoing, and they have refused to disclose to the Plaintiff records that would otherwise be considered public on the basis that such records withheld are "investigative" in nature. Defendant Dunn and agents of the DAGO have falsely asserted their lack of involvement in their investigation of the Plaintiff, despite abundant records revealing their active involvement and continuous interest in prosecuting the Plaintiff for any crime possible.

186. Upon information and belief, Defendant Dunn will direct Defendant Newcomb and his agency's resources toward investigating the Plaintiff and anyone who expresses support of Plaintiff's viewpoints if the Plaintiff continues exercise of his constitutional right to criticize Defendant Dunn, Defendant Newcomb, Defendant Medlin, Defendant Hodges, Sevier County, the DAGO and its employees, or others akin to Defendant Dunn.

187. Upon information and belief, Defendant Dunn, acting in his official capacity as District Attorney General and policymaker for the DAGO, has demonstrated a clear and persistent pattern of failing to discipline DAGO employees, agents, or officers for constitutional violations; has policies that are insufficient to protect the constitutional rights of individuals as those policies are applied and understood within the DAGO; and/or actively allows and

participates in retaliation when citizens exercise their constitutionally protected rights. This is evident from, among other things, the fact that every DAGO employee, agent, or officer involved in the tortious misconduct set forth in this Complaint violated the Plaintiff's clearly established First Amendment right to express a viewpoint opposite Defendant Dunn, Defendant Newcomb, Defendant Medlin, Defendant Hodges, Sevier County, the DAGO or employees of the DAGO regarding a matter of public concern, and Defendant Dunn's and Defendant Newcomb's criminal acts of official misconduct, official oppression, and witness intimidation by and through use of their Waiver of Constitutional Rights to prevent, obstruct, and deter the Plaintiff from appearing before a Grand Jury or Grand Jury Panel as afforded under Tenn. Code Ann. § 40-12-104. Each of those employees, agents, or officers retaliated against the Plaintiff and, upon information and belief, none of those individuals was found to have violated a DAGO policy thereafter. Each of those employees, agents, or officers misused their positions as agents of the DAGO by investigating the Plaintiff without reasonable articulable suspicion or probable cause that any crime had occurred -- simply, that Defendant Dunn, Defendant Newcomb, and employees of the DAGO did not like the Plaintiff or approve of Plaintiff's viewpoints -- and Defendant Dunn personally oversaw the implementation of these policies and personally and expressly approved the actions of his employees in this matter.

188. Upon information and belief, Defendant Dunn, Defendant Newcomb, or employees, agents, or officers of the DAGO may or will continue to pursue their investigation and prosecution of the Plaintiff regarding each instance of Plaintiff's protected free speech and each instance of Plaintiff's attempts to appear before a Grand Jury or Grand Jury Panel under Tenn. Code Ann. § 40-12-104 absent an injunction.

189. If the Plaintiff continues to be investigated and prosecuted, the Plaintiff will necessarily suffer immediate and irreparable harm, harm resulting from incarceration, and harm resulting from having to defend against another false and malicious prosecution.

190. Because Defendant Dunn, Defendant Newcomb, and employees, agents, and officers of the DAGO have previously subjected the Plaintiff to an investigation as a result of Plaintiff's exercise of clearly established First Amendment rights and rights afforded under Tenn. Code Ann. § 40-12-104, and because the Plaintiff credibly fears that he will experience the same consequences if Plaintiff exercises his clearly established First Amendment rights or rights afforded under Tenn. Code Ann. § 40-12-104 in the same manner again, the Plaintiff's speech will be irreparably chilled and rights denied in the absence of a permanent injunction.

191. Remedies available at law, such as monetary damages, are inadequate to compensate the Plaintiff for the injury to his First Amendment rights.

192. Remedies available at law, such as monetary damages, are inadequate to compensate the Plaintiff for the injury to his rights afforded under Tenn. Code Ann. § 40-12-104.

193. Considering the balance of hardships between the Plaintiff, Defendant Dunn, Defendant Newcomb, and the DAGO, a remedy in equity is warranted.

194. The public interest would not be disserved and would be furthered by a permanent injunction forbidding Defendant Dunn and Defendant Newcomb from taking adverse action against the Plaintiff as a result of his exercise of clearly established First Amendment rights, which Defendant Dunn and the Defendant Newcomb have made clear they do not and will not respect, or from Plaintiff's exercise of his rights afforded under Tenn. Code Ann. § 40-12-104 to provide a Grand Jury or its Panel evidence and testimony of triable or indictable offenses occurring within Sevier County.

195. The Plaintiff is additionally and alternatively entitled to declaratory relief under both federal law and Tenn. Code Ann. § 1-3-121 for the same reasons. In the event that this Court finds that injunctive relief is not warranted, the Plaintiff is still entitled to declaratory relief sufficient to inform sate and local law enforcement that the Plaintiff's speech and expression are fully protected under the First Amendment. and under Tenn. Code Ann. § 40-12-104, and may not result in the Plaintiff's arrest, prosecution, or governmental retaliation of any kind.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for the following relief:

A. That process issue, and that the Defendants be required to appear and answer this Complaint within the time required by law;

B. That the Plaintiff be awarded all compensatory, consequential, and incidental damages to which the Plaintiff is entitled in an amount of not less than $1,250,000.00;

C. Punitive damages in an amount of note less than $3,750,000.00;

D. That the Plaintiff be awarded all his discretionary costs and attorneys' fees pursuant to 42 U.S.C. § 1988(b);

E. That a jury of twelve be empaneled to try this cause;

F. That pre-judgment and post-judgment interest be awarded to the Plaintiff;

G. That permanent injunctive and declaratory relief issue; and

H. All such further relief as this Court deems just and proper.

Respectfully submitted on this, the 22nd day of March, 2024.

Erik Cooper
Plaintiff

Post Office Box 1413
Gatlinburg, Tennessee 37738
Telephone: (865) 438-0892
Facsimile: (866) 486-0206
Email: CooperErik@aol.com

*Plaintiff in propria persona*



Case 3:24-cv-00134-KAC-JEM Document 1 Filed 03/22/24 Page 36 of 36 PageID #: 36