**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **ERIK COOPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:24-cv-134** |
| | ) | |
| **JAMES BRUCE DUNN; RONALD CROCKETT NEWCOMB; JAMES MEDLIN; MICHAEL R. HODGES, JR.; SEVIER COUNTY; and DOES 1-50,** | ) | **Judge Crytzer** |
| | ) | |
| | ) | **Magistrate Judge McCook** |
| | ) | |
| **Defendants.** | ) | |

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**RONALD NEWCOMB'S MOTION TO STAY**

---

## INTRODUCTION

Plaintiff Erik Cooper, a frequent flyer in pro se litigation, often attempts to use the judicial system in order to dictate his preferences about the actions of public officials. In this case, he wants the Court to prevent state officials from carrying out an ongoing criminal prosecution against him. But when a federal civil case would directly impact ongoing state criminal proceedings, the best approach is for the Court to *stay* the federal action until the state case is fully resolved. And that is precisely what Defendant, Assistant District Attorney General Ronald Newcomb, is asking the Court to do.[1]

---

[1] Cooper has sued two state officials, General James Dunn and General Ronald Newcomb, in their official and individual capacities. However, Cooper has only perfected service against General Newcomb in his individual capacity. Cooper has not obtained summons for either Defendant in their official capacities, much less properly served those summonses upon the Office of the Tennessee Attorney General. *See* Fed. R. Civ. P. 4(j)(2)(A)-(B); Tenn. R. Civ. P. 4.04(6). Thus, this motion is filed on behalf of General Newcomb only in his individual capacity.

## BACKGROUND

This suit and its twin, *Cooper v. Dunn*, No. 3:24-cv-188 (M.D. Tenn.), are the latest in a string of lawsuits filed by Cooper about the grand jury process in state courts and the behavior Cooper desires from Tennessee governmental officials. *See, e.g.*, *Cooper v. Dunn*, No. 21-CV-445-I (Sevier Cnty. Cir. Ct. Jan. 11, 2022) (attached as Exhibit 1); *In re: Sevier Grand County Jury*, No. 2023-PJ-04-03 (Sevier Cnty. Cir. Ct. May 1, 2023) (attached as Exhibit 2); *In Re: Sevier County Grand Jury*, No. 2023-PJ-07-13 (Sevier Cnty. Cir. Ct. July 26, 2023) (attached as Exhibit 3); *In Re: Sevier County Grand Jury*, No. 2023-PJ-09-08 (Sevier Cnty. Cir. Ct. Sept. 26, 2023) (attached as Exhibit 4).

In this latest endeavor, Cooper warns of a two-decade conspiracy to unduly influence Sevier County grand juries. (Dkt. 1 ¶¶ 2-6.) The conspiracy allegedly encompasses the District Attorney for Sevier County, General James Dunn; General Ronald Newcomb; other assistant district attorneys with the Sevier County District Attorney General's Office; the Sevier County grand jury foreperson, James Medlin; and at least 53 other identified and unidentified individuals and entities. (Dkt. 1 ¶¶ 3-10, 17, 32-37.) Cooper asserts that he uncovered this conspiracy when he appeared before a panel of the Sevier County grand jury to present evidence of alleged criminal activity. (Dkt. 1 ¶¶ 6-8.) He neglects to mention that he is currently being criminally prosecuted for falsely accusing an innocent man of assault and attempting to convince the Sevier County grand jury to issue a presentment against that innocent man. *See* Presentment, *State v. Cooper*, No. 78CC1-2023-CR-514-III (Sevier Cnty. Cir. Ct. May 1, 2023) (attached as Exhibit 5); Docket Sheet, *State v. Cooper*, No. 78CC1-2023-CR-514-III (Sevier Cnty. Cir. Ct.) (attached as Exhibit 6).

Cooper alleges violations of the U.S. Constitution, the Tennessee Constitution, criminal and civil statutes, and common law. (Dkt. 1 ¶ 1.) For the purposes of this motion, his relevant

claims include that General Newcomb (1) retaliated against Cooper after he exercised his First Amendment right to free speech when appearing before a panel of the grand jury and (2) violated the Equal Protection Clause. (Dkt. 1 ¶¶ 98-120, 194-95.) Among other requests, Cooper asks that the Court do the following:

- enjoin General Newcomb for prosecuting him for his appearances before the grand jury, (Dkt. 1 ¶¶ 188-90, 194);
- declare that Cooper's exercise of his First Amendment rights may not result in his arrest or prosecution, (Dkt. 1 ¶ 195);
- award Cooper damages totaling "not less than" $5,000,000, (Dkt. 1, Prayer for Relief ¶¶ B-C); and,
- award Cooper "pre-judgment and post-judgment interest" on the $5,000,000 in damages, (Dkt. 1, Prayer for Relief ¶ F.)

Because this civil action is intertwined with ongoing state criminal proceedings, General Newcomb moves to stay the litigation pending the outcome of those proceedings.

**LEGAL STANDARD**

When a defendant in a state court criminal case sues for damages in federal court under 42 U.S.C. § 1983, the court "may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course." *Russell v. Tanner*, No. 3:20-CV-01028, 2021 WL 5140842, at *1 (M.D. Tenn. Nov. 4, 2021) (citation omitted). This directive springs from two Supreme Court decisions: *Wallace v. Kato*, 549 U.S. 384 (2007), and *Younger v. Harris*, 401 U.S. 37 (1971). *Wallace* counsels that, if a plaintiff files "*any* . . . claim related to rulings that will likely be made in a pending or anticipated criminal trial," the appropriate next step is a "stay [in] the civil action until the criminal case or likelihood of a criminal case is ended." 549 U.S. at 393-94 (emphasis added). And under *Younger*, a federal court should abstain from exercising jurisdiction if there is (1) "an ongoing state judicial proceeding," (2) "involv[ing] an important state interest," (3) which "provide[s] an adequate opportunity for the federal plaintiff to raise his constitutional

claims." *Youssef v. Schuette*, No. 19-1225, 2019 WL 11753787, at *2 (6th Cir. Sept. 17, 2019), *cert. denied*, 140 S. Ct. 617, 205 L. Ed. 2d 393 (2019). Or, to cut to the chase, a stay is appropriate in a federal case that is "intertwined" with a state-court criminal prosecution. *Johnson v. Taylor*, No. 3:23-CV-00460, 2023 WL 7252126, at *3 (M.D. Tenn. Nov. 2, 2023).

## ANALYSIS

To adhere to *Wallace* and *Younger*, it would be appropriate for the Court to abstain from exercising jurisdiction over this case until after resolution of the ongoing state-court prosecution of Cooper.

### I. A Stay Is Appropriate under *Wallace*.

A stay is appropriate because a ruling in this case would directly impact ongoing criminal proceedings in state court. *Wallace*, 549 U.S. at 393-94. The interconnections between this case and the state criminal proceedings abound. For example, in this case, Cooper alleges that General Newcomb improperly interfered with his attempts to appear before a panel of a grand jury on March 27, 2023. (Dkt. 1 ¶¶ 9-12, 62-90.) In the state criminal proceedings, Cooper is charged with falsely accusing an innocent man of assault and seeking prosecution of that man by the grand jury on various dates, including March 27, 2023. (Ex. 5 at 5-8.) Cooper alleges that General Newcomb, in conspiracy with General Dunn, has failed to comply with the constitution and has engaged in a "systemic abuse of prosecutorial discretion." (Dkt. 1 ¶ 33.) The state criminal proceedings are prosecuted by General Dunn's Office, so any suggestions of impropriety by this Court would interfere with those proceedings. (Ex. 5 at 8.) Where two cases are so "intertwined," the best course of action is to stay the federal case "until Plaintiff's criminal case has concluded, at which point Plaintiff may move the Court to reopen this case." *Johnson*, 2023 WL 7252126, at *3 (citation omitted).

## II. A Stay Is Appropriate under *Younger*.

In addition to *Wallace*, *Younger* is an independent basis for a stay. All three *Younger* requirements are met and call for a stay. And the concerns about federalism and judicial resources that guided the *Younger* Court are equally relevant here.

### A. The three Younger requirements are met.

<u>Ongoing Criminal Proceedings</u>. Plaintiff is currently being prosecuted in Sevier County Circuit Court. (Ex. 5; Ex. 6.)

<u>Important State Interest</u>. Plaintiff is facing criminal charges, and "it is axiomatic that state criminal proceedings involve important state interests." *Doe v. Lee* ("*Doe 610*"), No. 3:20-CV-00610, 2020 WL 4926607, at *2 (M.D. Tenn. Aug. 21, 2020); *Sims v. McCarter*, No. 3:18-CV-0072, 2018 WL 1138537, at *2 (M.D. Tenn. Mar. 2, 2018) (stating "*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings" (quoting *Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980))).

<u>Opportunity to Raise Constitutional Challenges</u>. Time and again, courts have concluded that criminal proceedings in Tennessee state courts provide the accused with "adequate opportunity to raise constitutional challenges." *Sims*, 2018 WL 1138537, at *3 (collecting cases demonstrating that Tennessee criminal proceedings provide adequate opportunity to raise constitutional challenges); *Gonnella v. Johnson*, 115 F. App'x 770, 772 (6th Cir. 2004); *Cooper v. Parrish*, 203 F.3d 937, 955 (6th Cir. 2000); *Doe 809*, 2022 WL 1164228, at *6; *see also State v. Banks*, 271 S.W.3d 90, 155 (Tenn. 2008) ("A defendant in a criminal proceeding who asserts an equal protection violation must prove (1) the existence of purposeful discrimination and (2) that this purposeful discrimination had a discriminatory effect on him or her.").

### B. The *Younger* Court's concerns about federalism and conservation of resources call for a stay.

Cooper's federal action raises two fundamental concerns that supported abstention in *Younger*: "proper respect for state functions" and "avoid[ing] a duplication of legal proceedings." *Younger*, 401 U.S. at 44. Plaintiff asks the Court to rule, either by injunction or declaratory relief, that his "speech and expression are fully protected under the First Amendment" and "may not result in the Plaintiff's arrest" or "prosecution." (Dkt. 1 ¶ 195.) Such a ruling would disrupt the state proceedings against Cooper and interfere with state sovereignty. *See Samuels v. Mackell*, 401 U.S. 66, 72-73 (1971) (explaining that, even if a prosecution is not directly enjoined by a declaratory judgment, that judgment can serve as the basis for later interference and has "virtually the same practical impact as a formal injunction").

To the extent that Plaintiff alleges other tort and constitutional claims that may not be directly relevant in the ongoing criminal proceedings, abstention under *Younger* remains appropriate. Portions of this action are "intertwined with the criminal charges in the pending state proceedings." *Freeman v. Gay*, No. 3:11-0867, 2012 WL 2061557, at *15 (M.D. Tenn. June 7, 2012), *report and recommendation adopted*, No. 3:11-CV-0867, 2012 WL 4510670 (M.D. Tenn. Sept. 28, 2012). Thus, it is enough that the resolution in state court would address part of the issues before this Court and conserve judicial resources for those matters.

A stay is also the appropriate resolution rather than dismissal. "A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance." *Eidson v. State of Tennessee Dep't of Children's Servs*., 510 F.3d 631, 638 (6th Cir. 2007) (quoting *Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006)). Generally, dismissal without prejudice is appropriate if the party is seeking only equitable relief. *Doe 610*, 2020 WL 4926607, at *7. Here, however, Cooper demands both equitable relief and $5,000,000

in damages. (Dkt. 1, Prayer for Relief ¶¶ B-G.) So, a stay is appropriate. *James v. Hampton*, 513 F. App'x 471, 478 (6th Cir. 2013)

## CONCLUSION

Because this suit is intertwined with ongoing state criminal proceedings against Cooper, this case should be stayed until those proceedings have concluded.

Respectfully submitted,

JONATHAN SKRMETTI
Tennessee Attorney General and Reporter

*s/ Miranda Jones*

MIRANDA JONES (BPR# 036070)
Senior Assistant Attorney General

MARY ELIZABETH MCCULLOHS (BPR# 026467)
Senior Assistant Attorney General

MEGHAN MURPHY (BPR# 034061)
Senior Assistant Attorney General

Office of the Tennessee Attorney General
and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Office: (615) 741-8126
Fax: (615) 532-2541
Mary.Mccullohs@ag.tn.gov
Meghan.Murphy@ag.tn.gov
Miranda.Jones@ag.tn.gov
*Attorneys for Defendant Newcomb (Individual Capacity)*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 29, 2024, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following:

**Erik Cooper**
P.O. Box 1413
Gatlinburg, TN 37738
*Pro se Plaintiff*

Additionally, I hereby certify that, on July 29, 2024, a true and correct copy of the forgoing was served via CM/ECF upon the following:

**Jeffrey M. Ward**
Milligan & Coleman
P.O. Box 1060
230 West Depot Street
Greeneville, TN 37744-1060
jward@milligancoleman.com
*Attorney for James Medlin*

*/s/ Mary Elizabeth McCullohs*